IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Richard Allen Smuda, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 3:09-cv-64 |
| -vs- | ) | |
| | ) | **ORDER ADOPTING REPORT AND** |
| State of North Dakota, | ) | **RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

Richard Allen Smuda filed a petition for habeas relief pursuant to 28 U.S.C. § 2254, seeking relief from his civil commitment as a sexually dangerous individual or a rehearing on the judgment committing him as a sexually dangerous individual (Doc. #1, p. 15). The Court has received a Report and Recommendation from Magistrate Judge Karen K. Klein, recommending Smuda's petition be dismissed with prejudice and a certificate of appealability not be issued. Smuda objects to the Magistrate Judge's recommendations. (Doc. #4). Smuda disputes that his petition should be dismissed, explaining there is no law library at the North Dakota State Hospital and, as a mentally ill sex offender, he did not know he could file a federal habeas action until he discovered it "by mistake." He also notes the North Dakota State Hospital gave him the wrong address for the courthouse. For relief, Smuda believes he should be allowed to appeal his 2004 civil commitment.

The Court has reviewed the Report and Recommendation and Smuda's objections, along with the entire file, and agrees with the Magistrate Judge's analysis and recommendations. Smuda makes clear in his habeas petition that is only asking for relief from the 2004 civil commitment and not from any other petition he has filed annually from 2005 to 2009. Thus, the Court finds Smuda's petition for habeas relief is untimely, as it was filed more than three and a

1

half years after the limitations period expired, and Smuda has failed to meet his burden of establishing equitable tolling should apply - that is, he has failed to demonstrate he has been pursuing his rights diligently and some extraordinary circumstance, not attributable to him, stood in his way, <u>Riddle v. Kemna</u>, 523 F.3d 850, 857 (8th Cir. 2008) (listing the elements for equitable tolling).  Accordingly, the Court hereby adopts the Report and Recommendation in its entirety.

Finally, based upon the entire record before the Court, dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  Accordingly, the Court hereby certifies that an appeal from the dismissal of this action would be frivolous and cannot be taken in good faith. <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).  The Court further finds that Smuda has failed to make a substantial showing of the denial of a constitutional right, and the issues presented in this case are inadequate to deserve further consideration. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003). Therefore, this Court will not issue a certificate of appealability.  If Smuda desires further review of his habeas petition, he may request the issuance of a certificate of appealability from a circuit judge of the Eighth Circuit Court of Appeals in accordance with <u>Tiedeman v. Benson</u>, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

Dated this 6th day of August, 2009.

> */s/   Ralph R. Erickson*
> Ralph R. Erickson, District Judge
> United States District Court